IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON LEE McNEAL, # 263268, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13cv533-WHA |
| | ) | (WO) |
| CHRISTOPHER GORDY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Jason Lee McNeal ("McNeal") on July 23, 2013.[1] Doc. No. 1.  McNeal challenges his convictions and consecutive 30-year sentences for the offenses of first-degree rape and first-degree rape sodomy following a 2008 jury trial in the Circuit Court of Houston County, Alabama.  He argues that (1) he was denied a fair trial when the trial court ruled that his juvenile records were admissible for impeachment; (2) he was denied his right to testify on his own behalf; (3) the trial court erred in denying his motion for a new trial based on the conduct of the victim and victim's family inside and outside the courtroom; (4) the jury's verdicts were not supported by substantial evidence; (5) his trial counsel

---

[1] Although McNeal's petition was date-stamped as received in this court on July 25, 2013, it was signed by McNeal as delivered to prison authorities for mailing on July 23, 2013.  Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

rendered ineffective assistance; and (6) the trial court used the incorrect sentencing range when sentencing him. *See* Doc. No. 2 at 4-33.

The respondents have filed an answer (Doc. No. 8) in which they argue that McNeal's petition is time-barred by the one-year limitation period applicable to § 2254 petitions, as set forth in 28 U.S.C. § 2244(d). Upon review of the pleadings, evidentiary materials, and applicable law, the court concludes that no evidentiary hearing is required and that McNeal's petition should be denied as untimely.

## II. DISCUSSION

### AEDPA's One-year Limitation Period: 28 U.S.C. § 2244(d)

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## State-court Proceedings in McNeal's Case

The record reflects that on November 5, 2008, a Houston County jury found McNeal guilty of the offenses of first-degree rape and first-degree sodomy, violations of § 13A-6-61 and § 13A-6-63, Ala. Code 1975. *See* Resp'ts Ex. A. On January 7, 2009, the trial court sentenced McNeal to consecutive terms of 30 years' imprisonment. *Id*. McNeal appealed, and on August 14, 2009, the Alabama Court of Criminal Appeals affirmed. *Id*. McNeal applied for rehearing, which was overruled. The Alabama Supreme Court denied his subsequent petition for writ of certiorari, and a certificate of judgment was issued on November 20, 2009. Resp'ts Ex. A-1.

On July 22, 2010, McNeal filed with the trial court a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure, challenging his convictions and sentence. *See* Resp'ts Ex. B at 2. The trial court denied that Rule 32 petition on August 19, 2010. *Id*. at 1. On February 22, 2011, McNeal's appeal from that judgment was dismissed by the Alabama Court of Criminal Appeals as being untimely filed. Resp'ts Ex. B-1. McNeal applied for rehearing, which was overruled. The Alabama Supreme Court denied

3

his subsequent petition for writ of certiorari, and a certificate of judgment was issued on June 10, 2011. Resp'ts Ex. B-2.

On March 18, 2013, McNeal filed a second Rule 32 petition in the trial court. Resp'ts Ex. C at 1. The trial court summarily denied this second Rule 32 petition on March 27, 2013. *Id*. McNeal did not appeal from that judgment.

## Application of the Federal Limitation Period

Section 2244(d)(1)(A) of the AEDPA provides that the one-year limitation period for filing a § 2254 petition begins to run upon the conclusion of direct review or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Because the certificate of judgment on McNeal's direct appeal was issued on November 20, 2009, for purposes of federal habeas review his conviction became final – and the one-year limitation period in § 2244(d)(1)(A) began to run – 90 days later, on February 18, 2010, when the time expired for him to seek review in the United States Supreme Court. *See Sibley v. Culliver*, 377 F.3d 1196, 1198-99 (11th Cir. 2004); *Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003); *Coates v. Byrd*, 211 F.3d 1225, 1225-27 (11th Cir. 2000); Rule 13.1, *Rules of the United States Supreme Court*. Under § 2244(d)(1)(A), the one-year limitation period to file a § 2254 habeas petition commenced on that date.

### *Statutory Tolling*

McNeal filed his first state Rule 32 petition on July 22, 2010. Under § 2244(d)(2), that filling tolled the one-year limitation period for filing his § 2254 petition. *See Tinker v.*

*Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). When the Rule 32 petition was filed, the federal limitation period had run for 154 days (from February 18, 2010, to July 22, 2010). McNeal did not timely appeal the trial court's August 19, 2010, denial of his Rule 32 petition. Consequently, for purposes of federal habeas review, the state court proceedings on the Rule 32 petition became final on September 30, 2010, i.e., 42 days after the August 19, 2010, denial of the petition, as that was the time within which he had to give timely notice of appeal. *See* Ala. R. App. P. 4(b)(1). On September 30, 2010, McNeal had 211 (365 - 154) days remaining within which to file a timely § 2254 petition. He thus had until April 29, 2011, to file a timely federal habeas petition. However, he did not file his petition until July 23, 2013 – over two years after the federal limitation period had expired.[2]

The provisions of §§ 2244(d)(1)(B)-(D) do not provide safe harbor for McNeal such that the federal limitation period commenced on some date other than February 18, 2010. There is no evidence that any unconstitutional or illegal State action impeded McNeal from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). McNeal presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, he submits no grounds for relief for which the factual predicate could not have been

---

[2] Because the federal limitation period had already expired, McNeal's filing of a second state Rule 32 petition, on March 18, 2013, had no effect on the calculation of the federal limitation period in his case. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year statute of limitations has expired, it does not toll the statute because no time remains to be tolled).

discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

*Equitable Tolling*

The federal limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See Holland v. Fla.*, 560 U.S. 631 (2010). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). In his response to this court's show-cause order, McNeal asserts that his ignorance of the law impeded his ability to file a timely habeas petition. *See* Doc. No. 10 at 1-3. However, it is well settled that ignorance of the law is an insufficient ground on which to toll the limitation period. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (ignorance of the law is not a basis for equitable tolling of statute of limitation); *March v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of the law does not excuse an untimely habeas petition); *United States v. Galvan*, 408 F. App'x 224, 225 (10th Cir. 2011) (ignorance of the law does not excuse untimely 28 U.S.C. § 2255 motion). Because McNeal fails to set forth facts that demonstrate the existence of "extraordinary circumstances" and the exercise of due diligence to warrant equitable tolling of the limitation period in his case, he is not entitled to equitable tolling.

*Actual Innocence*

Finally, as grounds for precluding application of the federal time-bar in his case, McNeal cursorily asserts that he is actually innocent of the offenses of which he was convicted.  *See* Doc. No. 10 at 2-3.  Demonstrated actual innocence may trump a time-bar in habeas proceedings and act as a gateway through which a petitioner can pass to have the claims in his § 2254 petition reviewed.  *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012); *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1218 (11th Cir. 2000).  In *Schlup v. Delo*, 513 U.S. 298 (1995), the United States Supreme Court held that habeas petitioners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327.  "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).  "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.  *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2d Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").  As the Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . .  To be credible, such a claim requires

7

> petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324. McNeal's cursory assertion of actual innocence – he points to no new reliable exculpatory evidence not presented at his trial – falls far short of the *Schlup* standard for establishing actual innocence. Accordingly, he is not entitled to the actual-innocence exception to the habeas statute's time-bar.

Under the circumstances set forth above, the one-year limitation period of 28 U.S.C. § 2244(d) expired on April 29, 2011. Because McNeal did not file his § 2254 petition until July 23, 2013, his petition is time-barred and this court may not address the merits.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED with prejudice and this case dismissed because the petition is time-barred by the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 24, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District

Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 10th day of April, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE